NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
HANSEL S. TORRIERO,                      :
                                         :
       Plaintiff,                      :          Civ. No. 03-5155 (AET)
                                         :
       v.                              :
                                         :          MEMORANDUM & ORDER
SECURITY OFFICERS, POLICE &              :
GUARDS UNION (SOP&GU)                    :
LOCAL 1536, et al.,                      :
                                         :
       Defendants.                     :
_____:

THOMPSON, U.S.D.J.

      This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs. The Court has decided this motion after considering the parties' written submissions, and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the Court will deny the motion in part and grant the motion in part.

      Under the traditional American Rule, attorneys' fees are ordinarily not recoverable in the absence of a statute or a contract providing for attorneys' fees. Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters & Joiners of Am., 456 U.S. 717, 721 (1982); Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 145 (3d Cir. 1998). A court, however, may use its equitable powers to award attorneys' fees to "successful litigants who confer a common benefit upon a class of individuals not participating in the litigation" under the common benefit doctrine. Polonski, 137 F.3d at 145. Under the doctrine, attorneys' fees may be awarded if the plaintiff's

successful litigation (1) confers a substantial benefit, (2) to the members of an ascertainable class, and (3) the costs are proportionally spread among that class.  Id.  In the Third Circuit, a court also looks further to see "(1) whether the benefits may be traced with some accuracy; (2) whether the class of beneficiaries are readily identifiable; and, (3) whether there is a reasonable basis for confidence that the costs may be shifted with some precision to those benefitting."  Id. The intended impact of the doctrine is to prevent unjust enrichment, and to prevent the law from "reward[ing] those who reap the substantial benefits of litigation without participating in its costs."  Id.  Even under the common benefit doctrine, however, attorneys' fees are generally only awarded in "limited circumstances."  Id. at 146.

Here, Plaintiff relies on Brennan v. United Steelworkers of America to support his argument for attorneys' fees.  554 F.2d 586 (3d Cir. 1977).  Brennan involved egregious violations of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 481, during the election of a union official, including "ballot fraud, illegal electioneering, deprivation of secret ballot, and interference with observers."  Brennan, 554 F.2d at 590.  Plaintiff's lawsuit, in contrast, involved misleading voting materials that were distributed for a union vote concerning a change to the collective bargaining agreement ("CBA").  The vote on the CBA in Plaintiff's case, although commendable, was not required.  The vote in Brennan, on the other hand, was both required and expressly regulated by statute.  Thus, in Brennan, the common benefit was clear because of the statutory policy protecting union members from the misconduct that occurred in that case.  Id. at 601.  Although Plaintiff succeeded in his claim that the union breached its duty of fair representation, his lawsuit did not confer the type of substantial benefit that would warrant the compensation of attorneys' fees under the common

benefit doctrine.  See Polonski, 137 F.3d at 147.  Accordingly, the Court will not award Plaintiff attorneys' fees.

Pursuant to Fed. R. Civ. P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Local Civil Rule 54.1 requires that a party seeking costs file a Bill of Costs and Disbursements with the Clerk of the Court within 30 days of the entry of a judgment allowing costs.  The Bill of Costs

> shall precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant, stating that (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action or proceeding.

D.N.J. Civ. R. 54.1(b).  If a party does not comply with the local rule, then "all costs shall be waived."  D.N.J. Civ. R. 54.1(e).

Plaintiff filed a Bill of Costs on April 12, 2006, which contains one line item labeled "Telephone, Postage & Copies" in the amount of $9,938.98.  This filing fails to comply with Local Civil Rule 54.1(b).  Although the Court may consider the costs to be waived, it finds that it is appropriate to award Plaintiff the costs of court filing fees because such fees can be assumed to be actually and necessarily incurred.  See Phetosomphone v. Allison Reed Group, Inc., 984 F.2d 4, 9 (1st Cir. 1993).

For the foregoing reasons, and for good cause shown,

IT IS on this 13th day of April, 2006,

ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs [86] is DENIED IN PART and GRANTED IN PART; and it is further

ORDERED that Plaintiff is awarded costs, limited to the amount spent on court filing fees.

s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.