NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HANSEL S. TORRIERO, : | |
| : | |
| Plaintiff, : | Civ. No. 03-5155 (AET) |
| : | |
| v. : | |
| : | MEMORANDUM & ORDER |
| SECURITY OFFICERS, POLICE & : | |
| GUARDS UNION (SOP&GU) : | |
| LOCAL 1536, et al., : | |
| : | |
| Defendants. : | |

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's April 13, 2006 Memorandum and Order granting in part and denying in part Plaintiff's motion for an award of fees and costs. The Court has decided this motion after considering the parties' written submissions, and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the Court grants the motion.

In its April 13, 2006 Memorandum and Order ("April 13th Memorandum and Order"), the Court denied an award of attorney's fees, and granted an award of costs limited to filing fees. Plaintiff's current motion only relates to the portion of the Court's order that addresses costs. The Court earlier found that Plaintiff's attorneys failed to comply with the requirements of Local Civil Rule 54.1(b) when they submitted a single line item labeled "Telephone, Postage & Copies" in the amount of $9,938.98 as a Bill of Costs. Because Plaintiff's attorneys failed to

follow the local rule, costs were waived. D.N.J. Civ. R. 54.1(e). Despite the waiver, the Court found it appropriate to award Plaintiff the cost of filing fees.

Plaintiff's attorneys now submit a more detailed itemization of costs, in the total amount of $6,847.57, as an exhibit to the motion for reconsideration, and ask the Court to allow Plaintiff to file this itemization with the Clerk. Plaintiff's attorneys also assert that the motion for an award of fees and costs was intended to be filed pursuant to Local Civil Rule 54.2, which does not contain the strict waiver language of Local Civil Rule 54.1(e).

Local Civil Rule 7.1(i) provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion." D.N.J. Civ. R. 7.1(i). Under the rule, the movant must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Relief under a motion for reconsideration will be granted "very sparingly." Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).

Plaintiff has filed a proper motion for reconsideration, and the Court will consider the additional information that has been provided. As an initial matter, the Court notes that Local Civil Rule 54.2 applies only to "actions in which a counsel fee is allowed by the Court or permitted by statute." D.N.J. Civ. R. 54.2(a). When counsel fees are allowed, an attorney may then seek "compensation for services or reimbursement of necessary expenses," including costs not recoverable under Local Civil Rule 54.1. Id. Because the Court did not award attorneys'

fees in its April 13th Memorandum and Order, Local Civil Rule 54.2 is inapplicable.

Pursuant to Local Civil Rule 54.1, certain costs of litigation may be awarded to the prevailing party. D.N.J. Civ. R. 54.1(a). The party applying for costs must submit a Bill of Costs that complies with Local Civil Rule 54.1(b). Costs must be actually and necessarily incurred, and must be properly documented. In particular, Local Civil Rule 54.1(b) requires counsel to append copies of all invoices in support of each item on the Bill of Costs. The Court has reviewed Plaintiff's itemization of costs, and finds that it does not comply with Local Civil Rule 54.1(b) because (1) no invoices have been attached, and (2) the itemization is not set forth in enough detail so that the Clerk can determine which costs are taxable under the guidelines of Local Civil Rule 54.1(g). Therefore, the Court finds that Plaintiff has again failed to comply with the provisions of Local Civil Rule 54.1, and has waived costs. See Michael J. Benenson Assocs., Inc. v. Orthopedic Network of N.J., 54 F. App'x 33, 37-38 (3d Cir. 2002). Accordingly, the Court will affirm the ruling made in its April 13th Memorandum and Order.

For the foregoing reasons, and for good cause shown,

IT IS on this 12th day of June, 2006,

ORDERED that Plaintiff's for Reconsideration [96] is GRANTED; and it is further

ORDERED that Plaintiff is awarded costs, limited to the amount spent on court filing fees.

                                                                   s/ Anne E. Thompson
                                                                   ANNE E. THOMPSON, U.S.D.J.